JUSTICE NELSON
dissents.
¶61 Our Opinion candidly concedes that we are resolving several issues of first impression under our interpretation of Wyoming law. That we have put ourselves in this “anomalous position” is both unfortunate and unnecessary.
¶62 Our decision is unfortunate because our Opinion will have no value except to the parties in this particular case. Our decision cannot serve as binding precedent in Montana because Montana law is not at issue. Worse, our decision will not likely even serve as binding *37 precedent in Wyoming, because it is not a decision rendered by the Wyoming Supreme Court. We have no power to render a decision interpreting the law of a sister jurisdiction that is binding on the courts of that state.
¶63 Our decision is unnecessary because we have a means to give the Wyoming Supreme Cotut the opportunity to interpret its own law. In so doing, our decision would have precedential value in our sister state and give us the ability to resolve the issues raised herein based on the Wyoming Supreme Court’s interpretation of its laws, not on how we think Wyoming’s highest Court would rule.
¶64 Specifically, Rule 44, M.R.App.P., empowers this Court to certify questions of law, on our own motion, to the highest court of another state if the pending litigation involves a question to be decided under the law of the other jurisdiction; the answer to the question may be determinative of an issue in the pending litigation; and the question is one for which an answer is not provided by a controlling appellate decision, constitutional provision or statute of the other jurisdiction. Rule 44(b), M.R.App.P.
¶65 Undisputedly, the questions of law presented here qualify under these Rule 44 criteria. As conceded at ¶ 23 of our Opinion, the issues to be resolved here must be decided under Wyoming law; the interpretation of Wyoming law will be determinative of the pending issues; and, as a case of first impression, there is no controlling Wyoming appellate decision or statute which answers the legal questions raised.
¶66 I would certify to the Wyoming Supreme Court, the questions of law implicit in Issues 1 and 2. With our sister state’s interpretation of those questions, I would then resolve the remaining issues raised in this appeal.
¶67 I dissent from our failure to follow this approach.
JUSTICE COTTER and JUSTICE RICE join in the dissent of JUSTICE NELSON.